## AMELIA GRAVES *v.* C. L. KING, &c.

[Abstract Kentucky Law Reporter, Vol. 6—298.]

**Vendor's Lien.**

Where A owns land upon which B holds a mortgage and A sells and conveys to ·C and expressly reserved in his deed a lien for purchase money and B releases her mortgage to A and gives him the note secured by it and takes a note from C and a mortgage from him securing it the lien of A or of his assignee thus reserved is superior to the lien of B.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 28, 1884.

OPINION BY JUDGE HOLT:

Prior to her marriage to J. M. Graves, and when she was the widow Vickers, the appellant, Amelia Graves, had a mortgage upon 214 acres of land, which had been given to her by B. F. Quinn to secure the payment of a note payable on March 1, 1878, which she held on him for $3,184.27 with interest from August 23, 1875.

The mortgagor Quinn sold portions of the mortgaged land at different times, the mortgagee, Amelia Graves, who had married Dr. Graves in the meantime, releasing her mortgage upon the portions so sold, and receiving payments upon her debt, until on October 8,

1879, there remained but fifty acres of land subject to her mortgage, and a balance of $1,250.00 only or near that sum, of her debt unpaid.

Upon the last named day Quinn sold the balance of the land to the appellee, J. F. Davis, for $2,040.00 and made him a deed to it which acknowledged the payment of $1,000 of the consideration and retained a lien for the remaining $1,040, for which a note was then executed by Davis to Quinn, payable on March 1, 1881.

Prior to this sale, Mrs. Graves had been informed that Quinn was entitled to a homestead in the fifty acres of land as against her debt, owing to the fact that although his wife had united in the mortgage, yet it did not contain an express waiver of the homestead right; and having become dissatisfied with the condition of her debt she agreed with Davis before his purchase, that in the event it was made, she would accept his note, secured by a mortgage from him on the land, for the balance of her debt, and release the mortgage from Quinn and surrender to him his note; and by the terms of the. trade between Davis and Quinn the latter was to give the former a credit upon the purchase money of $1,000 for which he was to arrange all the balance that Quinn owed Mrs. Graves; and owing to this arrangement the deed from Quinn to Graves acknowledged the receipt of $1,000, although in fact no money was paid.

Upon the day after the conveyance by Quinn to Davis, the latter executed one note to Mrs. Graves for $250.00 due May 1, 1880, and another for $1,000.00, due March 1, 1881, said two notes being in full of the balance of the debt owing to her by Quinn; and at the same time Davis executed to her a mortgage on the fifty acres of land to secure the payment of the $1,000.00 note, and which mortgage in express terms referred to the deed, that Quinn had made to Davis.

She then also surrendered to Davis for Quinn his note and sent her nephew to the clerk's office to release the mortgage, which he did by an entry upon the proper record book in her name on October 11, 1879.

Upon November 15, 1879, Quinn assigned the $1,040.00 note for a fair and valuable consideration to the appellee King, he having first examined the records and found the said release.

The appellant and her husband on August 23, 1880, brought a suit against Quinn and the other parties interested by which they sought

a personal judgment against Quinn for her debt; a foreclosure of the Quinn mortgage and a cancellation of the release of it, upon the alleged ground that it had been procured by the false representations and fraud of Quinn and Davis.

Upon October 29, 1880, Dr. Graves, by writing signed by him and endorsed on the petition agreed and directed that the suit should be dismissed absolutely; but as his wife objected to any dismissal whatever the court dismissed it without prejudice.

The husband says that this consideration for this agreement was that Quinn and Davis agreed to pay him $500.00 upon the notes of Davis that had been given to his wife; while the appellee says that it was $250.00 and that it was in payment of the small note; but it is immaterial to the issues upon this appeal which sum is correct as it is admitted that the $250.00 was in fact paid.

After the dismissal of this suit the appellant brought a second action on March 3, 1881, in her name alone as plaintiff, in which she sought a judgment upon the Davis notes and a postponement of King's lien until they should be paid; but in the event this could not be done she asked a cancellment of the release by her of the Quinn mortgage upon the same grounds as were set forth in the former suit by her and her husband; and that she then had judgment against Quinn upon her notes and an enforcement of the mortgage given by him.

On April 7, 1881, King brought suit to enforce his lien for the payment of his $1,040.00 note; and it was consolidated with Mrs. Graves' suit and the court below decided that King had the prior lien; and Mrs. Graves has appealed.

The question of the cancellation of the release of the Quinn mortgage can not be considered upon this appeal as he has not been made a party to it; but even if he were, it ought not to be done.

The testimony is conflicting as to whether Davis and Quinn represented to Mrs. Graves that her debt on Davis would be the first lien upon the land; but after the time she claims they did so, she accepted a mortgage which in express terms referred to the deed from Quinn to Davis; and its inspection would at a glance have shown that the lien for $1,040.00 would be superior to any lien that Davis could give by mortgage.

Moreover during the pendency of the suit brought by Mrs. Graves (she having been made a feme sole during its progress), she took a

personal judgment against Davis and it is yet in force, and no appeal has been taken from it; and she is thereby estopped from seeking an enforcement of the Quinn mortgage.

The question then left for consideration is ought King to be postponed until she is paid, owing to any circumstances shown in the record. We do not perceive any. Upon the contrary we preceive several why he should not be.

It is urged that the release by her of the Quinn mortgage was void, owing to her coverture, and the fact that her husband did not unite in it. It is true that a void contract is not susceptible of confirmation; but the mortgage was but an incident of the debt on Quinn, and if it was settled, as must be held to be the case under all the circumstances then this of itself released the mortgage.

But in the suit brought by her and her husband there was nothing to show that the debt in controversy was her separate estate, and he being a plaintiff in the suit had a right to dismiss it, and release the Quinn mortgage; and we think his agreement and action did so.

The appellee King, however, was an innocent purchaser for value. It is not claimed he was a party to any alleged fraud on the appellant. Before he purchased the note on Davis he inspected the records and there found that it was a lien on the land, and the appellant had said to him upon the record that she had no lien.

Moreover he had previously bought of Quinn a portion of the land covered by her mortgage and she then released it as to the portion so purchased; and had then told King that her husband had nothing to do with it owing to a marriage contract between them; and that he attended to his, and she to her business.

This conduct and action by both the appellant and her husband estops her from now claiming in a Court of Equity that the appellee King should be postponed to her, and the judgment is *affirmed.*

*Montgomery & Merritt, for appellant.*

*H. F. Turner, for appellee.*